**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEST26 GROUPS, INC.; ALAN HO; UITO CHAU, | No. 10-56950 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-00596-DDP-RZ |
| v. | |
| RADER, FISHMAN & GRAUER PLLC; MARY MARGARET O'DONNELL, an individual and as an agent of Rader, Fishman & Grauer PLLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 10, 2012[**]
Pasadena, California

Before:  WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nest26 Groups, Inc. (Nest) appeals the district court's grant of summary judgment in favor of Appellees Rader, Fishman & Grauer PLLC (Rader) and Mary Margaret O'Donnell (O'Donnell). Nest asserts that Rader and O'Donnell served as Nest's legal representatives for the registration and assignment of its PRATTS trademark. Nest contends that the district court erred when it entered summary judgment based on Nest's failure to establish the requisite attorney-client relationship for its breach of fiduciary duty, fraud, and gross negligence claims.

Nest failed to present any evidence in support of its fiduciary duty claim, and the undisputed facts demonstrate that Rader and O'Donnell did not represent Nest in registering or assigning the trademark. *See Zenith Ins. Co. v. Cozen O'Connor*, 148 Cal.App.4th 998, 1010 (2007) ("California law is settled that a client's subjective belief that an attorney-client relationship exists, standing alone, cannot create such a relationship, or a duty of care owed by the attorney to that plaintiff. This is because a plaintiff cannot unilaterally establish an attorney-client relationship, and its hindsight beliefs that such a relationship existed are thus legally irrelevant. . . .") (citations and internal quotation marks omitted).

Summary judgment was also warranted on Nest's fraud claim because Nest did not raise a material factual dispute regarding whether it reasonably relied on any advice from O'Donnell, or whether O'Donnell's conduct proximately caused

2

Nest's damages. *See Mega Life & Health Ins. Co. v. Superior Ct.*, 172 Cal.App.4th 1522, 1530 (2009) ("The plaintiff must allege and prove that he actually relied upon the misrepresentations, and that in the absence of fraud, would not have entered into the . . . transaction.") (citation omitted); *see also Stephenson v. Argonaut Ins. Co.*, 125 Cal.App.4th 962, 974-75 (2004) ("Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representation must be shown. Damage to be subject to a proper award must be such as follows the act complained of as a legal certainty.") (citation and internal quotation marks omitted).

The district court properly granted summary judgment on Nest's gross negligence claim because Nest failed to establish the requisite statutory basis for its claim. *See Eriksson v. Nunnink*, 191 Cal.App.4th 826, 856 n.18 (2011) ("California does not recognize a distinct cause of action for gross negligence independent of a statutory basis.") (citation and internal quotation marks omitted).[1]

**AFFIRMED.**

---

[1] Because Nest failed to articulate any amendments that would have cured the deficiencies in its complaint, the district court did not err in granting summary judgment without leave to amend. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011).